ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/444-5800
4  Facsimile:    415/444-5805

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9

**FILED**

MAR 3 0 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA

**PJH**

11  CRAIG YATES, an individual; and       )  CASE NO.
12  DISABILITY RIGHTS, ENFORCEMENT,)  Civil Rights    **1378**
    EDUCATION, SERVICES:HELPING YOU )
13  HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
    corporation,                        )  **AND DAMAGES:**
14                                      )
            Plaintiffs,                 )  **1st CAUSE OF ACTION:** For Denial of Access
15                                      )  by a Public Accommodation in Violation of the
    v.                                  )  Americans with Disabilities Act of 1990 (42
16                                      )  U.S.C. §12101, *et seq.*)
                                        )
17  MARIE SAINT CLAIR, a.k.a. SEA      )  **2nd CAUSE OF ACTION:** For Denial of Full
    MODERN THAI and THE METRO          )  and Equal Access in Violation of California
18  HOTEL                              )  Civil Code §§54, 54.1 and 54.3
                                        )
19          Defendant                   )  **3rd CAUSE OF ACTION:** For Denial of
                                        )  Accessible Sanitary Facilities in Violation of
20  _____)  California Health & Safety Code §19955, *et seq.*

21                                         **4th CAUSE OF ACTION:** For Denial of
22                                         Access to Full and Equal Accommodations,
                                           Advantages, Facilities, Privileges and/or
23                                         Services in Violation of California Civil Code
                                           §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                         **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1      Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendant MARIE

4  SAINT CLAIR, a.k.a. SEA MODERN THAI and THE METRO HOTEL and allege as follows:

5  **INTRODUCTION:**

6      1.    This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

8  members, for failure to remove architectural barriers structural in nature at defendants' SEA

9  MODERN THAI RESTAURANT and THE METRO HOTEL, each of which is a place of public

10  accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly

11  situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity

12  to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

13  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of

14  1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California

15  Health & Safety Code §19955, *et seq.*

16      2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

17  June 25, 2006, July 1, 2006, March 29, 2007, November 29, 2007, March 29, 2008, July 22,

18  2008, August 14, 2008, August 22, 2008, August 24, 2008, November 10, 2008, November 11,

19  2008, December 26, 2008, January 2, 2009, February 4, 2009, February 18, 2009, March 18,

20  2009 and March 26, 2009 was an invitee, guest, patron, customer at defendants' SEA MODERN

21  THAI RESTAURANT and/or THE METRO HOTEL, in the City of Petaluma, California.  At

22  said time and place, defendants failed to provide proper legal access to the restaurant and the

23  hotel, each of which is a "public accommodation" and/or a "public facility" including, but not

24  limited to parking, entrance, restroom, guestroom, paths of travel, as it applies to each public

25  accommodation.  The denial of access was in violation of both federal and California legal

26  requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal

27  access, and was embarrassed and humiliated.

28  ///

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 500 Petaluma Boulevard South and 508 Petaluma Boulevard South, in the City of Petaluma, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5. Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2    HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3    with persons with disabilities to empower them to be independent in American society.  DREES

4    accomplishes its goals and purposes through education on disability issues, enforcement of the

5    rights of persons with disabilities, and the provision of services to persons with disabilities, the

6    general public, public agencies and the private business sector.  DREES brings this action on

7    behalf of its members, many of whom are persons with physical disabilities and whom have

8    standing in their right to bring this action.

9    7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

10   and invitees at the subject SEA MODERN THAI RESTAURANT and/or THE METRO HOTEL,

11   and that the interests of plaintiff DREES in removing architectural barriers at the subject

12   restaurant and hotel advance the purposes of DREES to assure that all public accommodations,

13   including the subject restaurant and hotel, are accessible to independent use by mobility-impaired

14   persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

15   8.    Defendant MARIE SAINT CLAIR (hereinafter alternatively collectively referred

16   to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors

17   and/or lessees, of the public accommodation known as SEA MODERN THAI RESTAURANT

18   and THE METRO HOTEL, located at/near 500 Petaluma Boulevard South and 508 Petaluma

19   Boulevard South, Petaluma, California, or of the building and/or buildings which constitute said

20   public accommodation.

21   9.    At all times relevant to this complaint, defendant MARIE SAINT CLAIR, owns

22   and operates in joint venture the subject SEA MODERN THAI RESTAURANT and THE

23   METRO HOTEL each as a public accommodation.  Each business is open to the general public

24   and conducts business therein.  The business is a "public accommodation" or "public facility"

25   subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety

26   code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1    10.    At all times stated herein, Arthur Atherton a.k.a. Arthur Saint Clair was the

2    authorized representative and agent of defendant, MARIE SAINT CLAIR and acted on her

3    behalf.

4    11.    At all times relevant to this complaint, defendant MARIE SAINT CLAIR is

5    jointly and severally responsible to identify and remove architectural barriers at the subject SEA

6    MODERN THAI RESTAURANT and THE METRO HOTEL pursuant to Code of Federal

7    Regulations title 28, section 36.201(b), which states in pertinent part:

8              **§ 36.201      General**

9                   (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
10   accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
11   requirements of this part.  As between the parties, allocation of
     responsibility for complying with the obligations of this part may
12   be determined by lease or other contract.

13             28 CFR §36.201(b)

14   **PRELIMINARY FACTUAL ALLEGATIONS:**

15   12.    The SEA MODERN THAI RESTAURANT, is a restaurant, located at/near 500

16   Petaluma Boulevard South, Petaluma, California.  The SEA MODERN THAI RESTAURANT,

17   its parking, entrance, restroom, and its other facilities are each a "place of public accommodation

18   or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.

19   On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

20   structural repairs and additions", each of which has subjected the SEA MODERN THAI

21   RESTAURANT and each of its facilities, its parking, entrance, restroom to disability access

22   requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and

23   Title 24 of the California Code of regulations (Title 24).

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13.     The METRO HOTEL, is a hotel, located at/near 508 Petaluma Boulevard South, Petaluma, California. The METRO HOTEL, its parking, pathways, entrance, guestroom, restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected THE METRO HOTEL and each of its facilities, its parking, pathways, entrance, guestroom and restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

14.     At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

15.     At all times referred to herein and continuing to the present time, defendant, and each of them, advertised, publicized and held out the SEA MODERN THAI RESTAURANT and THE METRO HOTEL as being handicapped accessible and handicapped usable.

16.     On or about June 25, 2006, July 1, 2006, March 29, 2007, November 29, 2007, March 29, 2008, July 22, 2008, August 14, 2008, August 22, 2008, August 24, 2008, November 10, 2008, November 11, 2008, December 26, 2008, January 2, 2009, February 4, 2009, February 18, 2009, March 18, 2009 and March 26, 2009, plaintiff CRAIG YATES  was an invitee and guest at the subject SEA MODERN THAI RESTAURANT and/or THE METRO HOTEL, either by himself or with friends and/or family, for the purposes of having food and beverages, and in the instance of THE METRO HOTEL, an overnight stay.

17.     Plaintiff CRAIG YATES will only seek damages for those visits stated herein, which occurred after July 1, 2006.

18.     On or about March 29, 2007, November 29, 2007, March 29, 2008, July 22, 2008, August 14, 2008, August 22, 2008, August 24, 2008, December 26, 2008, January 2, 2009, February 4, 2009, February 18, 2009 and March 18, 2009, plaintiff CRAIG YATES experienced and encountered barriers at SEA MODERN THAI.

///

///

1    19.    At said time and place, plaintiff CRAIG YATES found that there was no handicap

2  parking in the parking lot which serves SEA MODERN THAI and THE METRO HOTEL.

3  Plaintiff CRAIG YATES also encountered a non-complying parking surface.

4    20.    At all times stated herein, Plaintiff CRAIG YATES was unable to notify anyone

5  inside of the SEA MODERN THAI, that he was attempting to access the restaurant without

6  doing any of the following:

7         •    Tapping on the window;

8         •    Rolling back and forth in front of the window;

9         •    Knocking on the side door off "G" Street; or

10         •    Using his cellular phone to call the restaurant to ask someone for

11             assistance.

12    21.    The only exception was on or about March 26, 2009, when employees of SEA

13  MODERN THAI were bringing in produce through the "G" Street entrance, the door was open,

14  and plaintiff CRAIG YATES was able to enter on the non-complying ramp.

15    22.    On or about March 29, 2007, November 29, 2007, March 29, 2008, July 22, 2008,

16  August 14, 2008, August 22, 2008, August 24, 2008, December 26, 2008, January 2, 2009,

17  February 4, 2009, February 18, 2009, March 18, 2009 and March 26, 2009, plaintiff CRAIG

18  YATES encountered a non-complying ramp at the "G" Street entrance of SEA MODERN THAI.

19    23.    On or about March 29, 2007, November 29, 2007, March 29, 2008, July 22, 2008,

20  August 14, 2008, August 22, 2008, August 24, 2008, December 26, 2008, January 2, 2009,

21  February 4, 2009, February 18, 2009 and March 18, 2009, except March 26, 2009, plaintiff

22  CRAIG YATES encountered boxes and/or high chairs and/or a portable air conditioner unit in

23  the corridor, which leads from the "G" Street entrance of SEA MODERN THAI to the dining

24  room and also to the unisex restroom.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

24.     On or about March 29, 2007, November 29, 2007, March 29, 2008, July 22, 2008, August 14, 2008, August 22, 2008, August 24, 2008, December 26, 2008, January 2, 2009, February 4, 2009, February 18, 2009, March 18, 2009 and March 26, 2009, plaintiff CRAIG YATES had need to use the unisex restroom at SEA MODERN THAI.  Plaintiff CRAIG YATES was unable to do so because the restroom was not accessible to wit: Plaintiff CRAIG YATES could not open the door and/or plaintiff CRAIG YATES on subsequent visits after 2006, saw that no remedial work had been done and/or the path of travel always had the portable air conditioner and/or high chairs and/or boxes blocking the path of travel.

25.     On or about November 10, 2008 and November 11, 2008, plaintiff CRAIG YATES was a invitee and guest at THE METRO HOTEL.  Plaintiff CRAIG YATES rented room #180.  Plaintiff CRAIG YATES upon pulling into the parking lot, found that there was no accessible parking, signage, directional signage or a hard pack surface.

26.     On or about November 10, 2008, plaintiff CRAIG YATES also discovered that the paths of travel to, from, around and through the very elements of THE METRO HOTEL were not compliant with access requirements (i.e., pocket door, shower controls and the fold down seat).

27.     On or about November 10, 2008, plaintiff CRAIG YATES encountered barriers within the guestroom that he rented to wit: a non-compliant door into the bathroom, non-compliant shower controls, lack of a fixed shower seat, unregulated hot water, non-compliant grab bars, non-complaint closet, non-complaint lamps and etc.

28.     On or about November 11, 2008, plaintiff CRAIG YATES while attempting to return from the parking lot to his room became mired in the granite base where it meets a concrete path.

29.     Thereafter, from approximately August of 2006 through March 2009, there was an exchange of letter(s) between plaintiff CRAIG YATES and Arthur Atherton.  During this same period of time, there were many conversations between Mr. Atherton and plaintiff CRAIG YATES.  Mr. Atherton indicated that access will be in the back of the building on "G" Street, and that plaintiff CRAIG YATES should use the restroom at THE METRO HOTEL.

30.     Plaintiff CRAIG YATES over a period of two (2) years has unsuccessfully attempted to persuade the landlord, by and through her agent, Arthur Atherton a.k.a. Arthur Saint Clair, to take appropriate remedial steps to make the building which is occupied as SEA MODERN THAI RESTAURANT and THE METRO HOTEL accessible:

- At all times stated herein, Arthur Atherton represented to plaintiff CRAIG YATES that he was the owner of the premises of SEA MODERN THAI, and was the owner/operator of the METRO HOTEL.

- On or about August 24, 2006, plaintiff CRAIG YATES wrote the owner of the building for SEA MODERN THAI and a separate letter to its operator addressing access issues.

- On or about August 31, 2006, plaintiff CRAIG YATES received a letter in response from Arthur Atherton. In his response, Atherton stated, that he was a property owner and that access would be created off "G" Street with a four (4) inch ramp leading through the two doors each thirty-six (36) inches wide and a pathway free from obstructions. Further, a buzzer would be installed. The response also addressed THE METRO HOTEL. It was represented that the Hotel Cafe and one guestroom were accessible.

- On or about October 24, 2006, plaintiff CRAIG YATES wrote Atherton and raised the issue why there was a need for a buzzer/bell. Plaintiff CRAIG YATES was concerned that no one would respond. Plaintiff CRAIG YATES suggested a ramp and door on the South side of SEA MODERN THAI and provided a drawing.

- On or about December 29, 2006, Atherton confirmed a phone conversation with plaintiff CRAIG YATES. Atherton stated, he contacted one of the Americans with Disabilities Act (ADA) resources provided by YATES, and that as an alternative to the SEA MODERN THAI restroom, plaintiff CRAIG YATES could utilize a fully accessible restroom the METRO HOTEL and Café. Atherton also indicated that a "bell" was in place at SEA MODERN THAI.

1  •      In between December 29, 2006 and March 31, 2007, plaintiff CRAIG YATES had

2         several conversations with Atherton on the access issues.

3  •      On or about March 31, 2007, plaintiff CRAIG YATES addressed a letter to

4         Arthur St. Clair a.k.a. Arthur Atherton.  Plaintiff CRAIG YATES stated, he was

5         disappointed at his March 30, 2007, visit to SEA MODERN THAI.  Plaintiff

6         CRAIG YATES suggested to Atherton/St. Clair, that he find an architect who

7         specializes in the American with Disabilities Act (ADA).  Plaintiff CRAIG

8         YATES reminded Atherton/St Clair that a year lapsed since plaintiff CRAIG

9         YATES first raised access issues with him.

10 •      On or about April 26, 2007, Atherton wrote, plaintiff CRAIG YATES.  Atherton

11        indicated he was doing research and was looking forward to getting the work

12        done.

13 •      On or about April 27, 2007, plaintiff CRAIG YATES wrote Atherton.  Plaintiff

14        CRAIG YATES stated, he looked forward to Atherton's, achievements by the end

15        of 2007.  Plaintiff CRAIG YATES once again provided Atherton with Americans

16        with Disabilities (ADA) resources.

17 •      The next communication from Atherton came in an undated letter.  Atherton

18        informed Yates that he would be in Spain until September 20, 2007.

19 •      On or about November 27, 2007, after a conversation with Atherton, plaintiff

20        CRAIG YATES confirmed the conversation.  Plaintiff CRAIG YATES

21        questioned why the vacant salon which is attached to SEA MODERN THAI could

22        not be used to create a additional dining area and unisex restroom.  Plaintiff

23        CRAIG YATES also questioned the undesirable alternative of the restroom at

24        THE METRO HOTEL.  Plaintiff CRAIG YATES questioned Atherton whether

25        access could indeed be provided by January 5, 2008.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  •  On or about December 16, 2007, Atherton wrote plaintiff CRAIG YATES.

2  Atherton indicated that his wife's mother injured herself and he would be in Spain

3  for a month.  Atherton indicated he had started work on the parking lot and would

4  finish it on his return.  Atherton also alluded to creating an accessible restroom at

5  SEA MODERN THAI.

6  •  On or about February 20, 2008, Atherton wrote plaintiff CRAIG YATES thanking

7  him for his letter.  He informed plaintiff CRAIG YATES that he had just arrived

8  back from Spain.  That it would take him a couple of weeks to get organized and

9  "Then, I am going to start again on everything . . . let you know how things are

10  going."

11  •  On or about March 14, 2008, plaintiff CRAIG YATES wrote Atherton.  In that

12  letter, plaintiff CRAIG YATES reminded Atherton that Atherton had been in the

13  "process" of addressing SEA MODERN THAI "many times."  Plaintiff CRAIG

14  YATES wanted to know if there was a "precise plan" in "bringing everything not

15  in compliance with access."  Plaintiff CRAIG YATES further indicated to

16  Atherton that plaintiff CRAIG YATES wanted to know Atherton's "plans to date"

17  for addressing everything no in compliance.  Plaintiff CRAIG YATES again

18  suggest Atherton use an architect.

19  •  On or about March 28, 2008, plaintiff CRAIG YATES forwarded a letter to

20  Atherton.  In that letter plaintiff CRAIG YATES reminded Atherton that in

21  "August of 2006, more than (18) months ago, I wrote you about the lack of access

22  at SEA MODERN THAI "that" we've exchanged letters...talked . . . given you

23  resources . . . nothing meaningful has been done . . . disappointed . . . too much

24  time has gone by."

25  ///

26  ///

27  ///

28  ///

- On or about April 10, 2008, Atherton responded to plaintiff CRAIG YATES. Atherton stated, that he was disappointed. Atherton stated that even before he met plaintiff CRAIG YATES, he had made an accessible guestroom at the Metro Hotel and provided full access not only to the Hotel but the Café, emphasizing the café and its restroom. Atherton referred to his family problems and need to return to Spain.

- He stated: he would leave for Spain again on April 15, 2008, and return in approximately (90) days. He informed plaintiff CRAIG YATES that plaintiff CRAIG YATES could stay at THE METRO HOTEL, dine at SEA MODERN THAI and use the restroom at the Metro.

- On or about October 17, 2008, Atherton wrote plaintiff CRAIG YATES. Atherton informed plaintiff CRAIG YATES that he had just returned from Spain and will be returning to Spain for another three months starting November 1, 2008. Atherton indicated that the back space (presumably the salon) would be vacant and that he and plaintiff CRAIG YATES could discuss using that space to provide access.

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

•     On or about October 21, 2008, plaintiff CRAIG YATES replied to Atherton by letter, stating the following:

" I don't have much faith! It's been a long long time and still no real access into the Sea Modern. It seems you going to Spain so frequently that you just don't do anything when you return. What are you going to do with the back space? By now, you should have figured it out. I'll give you the Pacific Disability, and the D.O.J once more to get the information: 1-800-949-4232 or 510-285-5600. I 've tried to stay at your hotel but got the run around about getting a room. I don't want to meet with you until you send me your proposal, plan, whatever to make an accessible entrance that doesn't require me to bang on the door, tap on the windows or use my cell phone etc. I feel I get the run around . . . constantly. Provide compliant access by February 28, 2009, or have detailed drawings by that date sent to me. Not sketches, not scribble scrabble but real plans. Take the time to write me back before you leave for Spain again. It's getting really old."

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

| | |
|---|---|
| 1 | •     On or about February 3, 2009, having not heard from Atherton, plaintiff CRAIG |
| 2 | YATES wrote a follow-up letter stating: |
| 3 | " It is now February of 2009, and we are absolutely nowhere with making the Sea |
| 4 | Modern Thai accessible not to mention the Metro Hotel. Please recall that you |
| 5 | told me that the Metro was fully accessible. Well it's not. You and I went over |
| 6 | the problems (pocket door, shower control, shower seat, pathway, and parking). |
| 7 | Arthur, I've given you sources to get material from the Pacific ADA and IT |
| 8 | Disability Center in Oakland, and the Department of Justice. I've been giving you |
| 9 | my idea on providing an accessible entrance at the Sea Modern Thai, by way of a |
| 10 | diagram. I've given you the name of a reasonably priced and good architect. |
| 11 | With all this, nothing meaningful has been done in two years. You've got time to |
| 12 | go to Spain for long periods. What you and I have discussed could have done four |
| 13 | times over by now. It seems you have no problems conducting your business |
| 14 | ventures from Spain, but when it comes to taking care of relatively easy access |
| 15 | fixes you don't have the time and obviously, no intent. I tried, and tried and tried. |
| 16 | I'm not going to do anything more with you on my own. It's just a waste of time |
| 17 | and a bigger frustration each time I go to the Sea Modern Thai and see how simple |
| 18 | the fix is. Arthur, you don't get it do you? How would you like feeling that |
| 19 | you're nothing but a beggar trying to get in? Do you know where the term |
| 20 | "handicapped" came from? It's an English term for those disabled people who |
| 21 | held a cap in hand and begged for a pittance. I'm not begging anymore." |
| 22 | •     On or about February 17, 2009, Atherton responded to plaintiff CRAIG YATES |
| 23 | regarding his February 3, 2009 letter stating in substance: |
| 24 |       i.    That he, (Atherton) was unhappy because plaintiff CRAIG YATES felt |
| 25 | nothing had been done; |
| 26 |       ii.    That, the buildings were 100 years old; |
| 27 | /// |
| 28 | /// |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

| | |
|---|---|
| 1 | iii. That before he, Mr. Atherton met plaintiff CRAIG YATES he was |
| 2 | working on access; |
| 3 | iv. That he had to go back to Spain for (90) days and could not do anything |
| 4 | until his return; |
| 5 | v. That the Disability Center told him that he met handicap accessibility |
| 6 | standards; |
| 7 | vi. That, he's doing a good job and plaintiff CRAIG YATES knows it. |
| 8 | vii. That, he will return from Spain March 1, 2009, and will contact plaintiff |
| 9 | CRAIG YATES and go over his plan and estimated completion date; and |
| 10 | viii. That at all times stated herein and as of the filing of this complaint, the |

iii. That before he, Mr. Atherton met plaintiff CRAIG YATES he was working on access;

iv. That he had to go back to Spain for (90) days and could not do anything until his return;

v. That the Disability Center told him that he met handicap accessibility standards;

vi. That, he's doing a good job and plaintiff CRAIG YATES knows it.

vii. That, he will return from Spain March 1, 2009, and will contact plaintiff CRAIG YATES and go over his plan and estimated completion date; and

viii. That at all times stated herein and as of the filing of this complaint, the only remedial work which has been done that is compliant within the readily achievable standard was to post signage at the primary entrance to SEA MODERN THAI and signage at the "G" Street entrance.

31. The communications between plaintiff CRAIG YATES and defendant's agent, Atherton, evidence an intent to discriminate under Gunther v. Lin 144 Cal. App. 4th 223.

///
///
///
///
///
///
///
///
///
///
///
///
///

32.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject SEA MODERN THAI RESTAURANT which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.     lack of directional signage to show accessible routes of travel i.e entrances;

b.     lack of the requisite type and number of disabled parking stall(s);

c.     lack of disabled van accessible parking stall(s);

d.     lack of tow-a-way signage;

e.     lack of an accessible entrance to the SEA MODERN THAI RESTAURANT;

f.     lack of a handicapped-accessible unisex public restroom;

g.     lack of an accessible parking lot surface; and

h.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    33.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a

2    disability, encountered the following inaccessible elements of the subject THE METRO HOTEL

3    which constituted architectural barriers and a denial of the proper and legally-required access to a

4    public accommodation to persons with physical disabilities including, but not limited to:

5        a.    lack of directional signage to show accessible routes of travel i.e

6              entrances;

7        b.    lack of the requisite type and number of disabled parking stall(s);

8        c.    lack of disabled van accessible parking stall(s);

9        d.    lack of an accessible entrance to THE METRO HOTEL;

10       e.    lack of a handicapped-accessible unisex public restroom;

11       f.    lack of an accessible parking lot surface;

12       g.    lack of an accessible guestroom;

13       h.    lack of an accessible path of travel from the parking lot to the Hotel;

14       i.    lack of properly sloped and configured paths of travel to, around, through,

15             and connecting one section of the Hotel with another;

16       j.    lack of a reservation policy, practice and procedure to "hold" disabled

17             guest rooms for persons with disabilities before selling said rooms to the

18             general public; and

19       k.    On personal knowledge, information and belief, other public facilities and

20             elements too numerous to list were improperly inaccessible for use by

21             persons with physical disabilities.

22   34.    At all times stated herein, the existence of architectural barriers at defendants'

23   places of public accommodation evidenced "actual notice" of defendants' intent not to comply

24   with the Americans with Disabilities Act of 1990 either then, now or in the future.

25   35.    As a legal result of defendant MARIE SAINT CLAIR's failure to act as a

26   reasonable and prudent public accommodation in identifying, removing or creating architectural

27   barriers, policies, practices and procedures that denied access to plaintiffs and other persons with

28   disabilities, plaintiffs suffered the damages as alleged herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

37. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

38. Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendant MARIE SAINT CLAIR, because defendant MARIE SAINT CLAIR maintained a restaurant and hotel without access for persons with physical disabilities to its facilities, including but not limited to parking, entrance, restroom, guestroom, paths of travel, as it applies to each public accommodation, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

39. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

40. Plaintiffs, as described hereinbelow, seek injunctive relief to require the SEA MODERN THAI RESTAURANT to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the subject restaurant as a public facility.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

41.     Plaintiffs seek damages for violation of their civil rights on March 29, 2007, November 29, 2007, March 29, 2008, July 22, 2008, August 14, 2008,  August 22, 2008, August 24, 2008, November 10, 2008, November 11, 2008, December 26, 2008, January 2, 2009, February 4, 2009, February 18, 2009, March 18, 2009 and March 26, 2009 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodations because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

42.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

43.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the SEA MODERN THAI RESTAURANT accessible to persons with disabilities.

///
///
///
//
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

44.   On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

45.   Plaintiffs are informed and believe and therefore allege that defendant MARIE SAINT CLAIR, and each of them and by and through Arthur Atherton a.k.a. Arthur Saint Clair, caused the subject building(s) which constitute the SEA MODERN THAI RESTAURANT and THE METRO HOTEL to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the SEA MODERN THAI RESTAURANT and THE METRO HOTEL and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of SEA MODERN THAI RESTAURANT and THE METRO HOTEL and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

46.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the SEA MODERN THAI RESTAURANT and THE METRO HOTEL and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the SEA MODERN THAI RESTAURANT and THE METRO HOTEL accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the restaurant.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   47. Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

2 the disability community which it serves, consisting of persons with disabilities, would, could and

3 will return to the subject public accommodation when it is made accessible to persons with

4 disabilities.

**I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
corporation and Against Defendant MARIE SAINT CLAIR, a.k.a. SEA MODERN THAI
and THE METRO HOTEL, inclusive)
(42 U.S.C. §12101, *et seq.*)

   48. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 47 of this complaint.

   49. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

   50. Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

51.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor; and
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(A)(B)

52.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///
///
///
///
///
///
///

53.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

1    54.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of SEA

3  MODERN THAI RESTAURANT and THE METRO HOTEL  pursuant to 42 U.S.C. §12182

4  (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of

5  herein together was not "readily achievable," the removal of each individual barrier complained of

6  herein was "readily achievable."  On information and belief, defendants' failure to remove said

7  barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined

8  by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

9    55.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10  accomplishable and able to be carried out without much difficulty or expense."  The statute

11  defines relative "expense" in part in relation to the total financial resources of the entities

12  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

13  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

14  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16  make the required services available through alternative methods which were readily achievable.

17    56.    On information and belief, construction work on, and modifications of, the subject

18  building(s) of SEA MODERN THAI RESTAURANT and THE METRO HOTEL occurred after

19  the compliance date for the Americans with Disabilities Act, January 26, 1992, independently

20  triggering access requirements under Title III of the ADA.

21    57.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et

22  seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

24  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

25  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

26  returning to or making use of the public facilities complained of herein so long as the premises

27  and defendants' policies bar full and equal use by persons with physical disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

58.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises SEA MODERN THAI since on or about March 26, 2009 and THE METRO HOTEL since on or about November 11, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

59.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant MARIE SAINT CLAIR, a.k.a. SEA MODERN THAI and THE METRO HOTEL, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

60.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this complaint.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

61.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

62.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

63.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///
///
///
///
///
///

1       64.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

2   within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

3   the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific

4   architectural barrier which defendants knowingly and willfully fail and refuse to remove

5   constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

6   continue to be denied full and equal access to defendants' SEA MODERN THAI RESTAURANT

7   and THE METRO HOTEL.  As a legal result, plaintiffs are entitled to seek damages pursuant to a

8   court or jury determination, in accordance with California Civil Code §54.3(a) for each day on

9   which they visited or have been deterred from visiting the SEA MODERN THAI and THE

10  METRO HOTEL because of their knowledge and belief that the restaurant is inaccessible to

11  persons with disabilities.  California Civil Code §54.3(a) provides:

12              Any person or persons, firm or corporation, who denies or interferes
                with admittance to or enjoyment of the public facilities as specified
13              in Sections 54 and 54.1 or otherwise interferes with the rights of an
                individual with a disability under Sections 54, 54.1 and 54.2 is
14              liable for each offense for the actual damages and any amount as
                may be determined by a jury, or the court sitting without a jury, up
15              to a maximum of three times the amount of actual damages but in
                no case less than . . .one thousand dollars ($1,000) and . . .
16              attorney's fees as may be determined by the court in addition
                thereto, suffered by any person denied any of the rights provided in
17              Sections 54, 54.1 and 54.2.

18              Civil Code §54.3(a)

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

65.     On or about March 29, 2007, November 29, 2007, March 29, 2008, July 22, 2008, August 14, 2008, August 22, 2008, August 24, 2008, November 10, 2008, November 11, 2008, December 26, 2008, January 2, 2009, February 4, 2009, February 18, 2009, March 18, 2009 and March 26, 2009, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to parking, entrance, restroom, guestroom, paths of travel, as it applies to each public accommodation, and other public facilities as stated herein at the SEA MODERN THAI RESTAURANT and THE METRO HOTEL and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

66.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

67.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1 and 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about March 29, 2007, November 29, 2007, March 29, 2008, July 22, 2008, August 14, 2008, August 22, 2008, August 24, 2008, November 10, 2008, November 11, 2008, December 26, 2008, January 2, 2009, February 4, 2009, February 18, 2009, March 18, 2009 and  March 26, 2009, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

///

///

68.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant MARIE SAINT CLAIR, a.k.a. SEA MODERN THAI and THE METRO HOTEL, inclusive)
(Health & Safety Code §19955, *et seq.*)

69.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 68 of this complaint.

70.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

///

///

///

///

1    71.    Health & Safety Code §19956, which appears in the same chapter as §19955,

2  provides in pertinent part, "accommodations constructed in this state shall conform to the

3  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

4  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

5  public accommodations constructed or altered after that date.  On information and belief, portions

6  of the SEA MODERN THAI RESTAURANT and THE METRO HOTEL  and/or of the

7  building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the SEA

8  MODERN THAI RESTAURANT and THE METRO HOTEL  and/or the building(s) had

9  alterations, structural repairs, and/or additions made to such public accommodations after July 1,

10  1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part

11  5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

12  additions per Health & Safety Code §19959.

13    72.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

14  Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

15  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

16  Regulations and these regulations must be complied with as to any alterations and/or

17  modifications of SEA MODERN THAI RESTAURANT and THE METRO HOTEL and/or the

18  building(s) occurring after that date.  Construction changes occurring prior to this date but after

19  July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American

20  Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the

21  construction and modification of said building, all buildings and facilities covered were required

22  to conform to each of the standards and specifications described in the American Standards

23  Association Specifications and/or those contained in Title 24 of the California Building Standards

24  Code.

25    73.    Restaurants and hotel such as the SEA MODERN THAI RESTAURANT and THE

26  METRO HOTEL are "public accommodations or facilities" within the meaning of Health &

27  Safety Code §19955, *et seq.*

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

74.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

75.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

76.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject places of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant MARIE SAINT CLAIR, a.k.a. SEA MODERN THAI and THE METRO HOTEL,  inclusive)
(Civil Code §51, 51.5)

77.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 76 of this complaint.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    78.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2 public accommodation in identifying, removing and/or creating architectural barriers, policies,

3 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

4 Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh
> Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and
> equal, and no matter what their sex, race, color, religion, ancestry,
> national origin, or **disability** are entitled to the full and equal
> accommodations, advantages, facilities, privileges, or services in all
> business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or
> privilege on a person that is conditioned or limited by law or that is
> applicable alike to persons of every sex, color, race, religion,
> ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or
> modification of any sort whatsoever, beyond that construction,
> alteration, repair, or modification that is otherwise required by other
> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall anything
> in this section be construed to augment, restrict, or alter in any way
> the authority of the State Architect to require construction,
> alteration, repair, or modifications that the State Architect otherwise
> possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) shall
> also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

"intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

defendants, and each of them.

///
///
///

1    79.    The acts and omissions of defendants stated herein are discriminatory in nature and

2 in violation of Civil Code §51.5:

>        No business establishment of any kind whatsoever shall
>        discriminate against, boycott or blacklist, refuse to buy from, sell to,
>        or trade with any person in this state because of the race, creed,
>        religion, color, national origin, sex, or **disability** of the person or of
>        the person's partners, members, stockholders, directors, officers,
>        managers, superintendents, agents, employees, business associates,
>        suppliers, or customers.
>
>        As used in this section, "person" includes any person, firm
>        association, organization, partnership, business trust, corporation,
>        limited liability company, or company.
>
>        Nothing in this section shall be construed to require any
>        construction, alteration, repair, structural or otherwise, or
>        modification of any sort whatsoever, beyond that construction,
>        alteration, repair or modification that is otherwise required by other
>        provisions of law, to any new or existing establishment, facility,
>        building, improvement, or any other structure . . . nor shall anything
>        in this section be construed to augment, restrict or alter in any way
>        the authority of the State Architect to require construction,
>        alteration, repair, or modifications that the State Architect otherwise
>        possesses pursuant to other laws.

80.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

accommodations, advantages, facilities, privileges and services in a business establishment, on the

basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of

their above cause of action for violation of the Americans with Disabilities Act at §48, *et seq.*, as

if repled herein.

81.    Further, plaintiff CRAIG YATES suffered emotional distress (all to plaintiff's

damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG

YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including

trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general

damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to

proof if deemed to be the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2     Plaintiffs pray that this court award damages and provide relief as follows:

3 **I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
5 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
    corporation, and Against Defendant , inclusive)
6 (42 U.S.C. §12101, *et seq.*)

7     1.    For injunctive relief, compelling defendant MARIE SAINT CLAIR, inclusive, to

8 make the SEA MODERN THAI , located at 500 Petaluma Boulevard South, Petaluma, California

9 and THE METRO HOTEL, located at and 508 Petaluma Boulevard South, Petaluma, California,

10 readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and

11 to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

12 afford full access to the goods, services, facilities, privileges, advantages and accommodations

13 being offered.

14     2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

15 the prevailing party; and

16     3.    For such other and further relief as the court may deem proper.

17 **II.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
18 **AND 54.3, *ET SEQ.***
    (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT,
19 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
    corporation, and Against Defendant MARIE SAINT CLAIR, a.k.a. SEA MODERN THAI
20 and THE METRO HOTEL, inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)
21
    1.    For injunctive relief, compelling  defendant MARIE SAINT CLAIR, inclusive, to
22
 make the SEA MODERN THAI , located at 500 Petaluma Boulevard South, Petaluma, California
23
 and THE METRO HOTEL, located at and 508 Petaluma Boulevard South, Petaluma, California,
24
 readily accessible to and usable by individuals with disabilities, per state law.
25
    2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
26
 each occasion on which plaintiffs were deterred from returning to the subject public
27
 accommodation.
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant MARIE SAINT CLAIR, a.k.a. SEA MODERN THAI and THE METRO HOTEL, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendant MARIE SAINT CLAIR, inclusive, to make the SEA MODERN THAI , located at 500 Petaluma Boulevard South, Petaluma, California and THE METRO HOTEL, located at and 508 Petaluma Boulevard South, Petaluma, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///

1  **IV.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
     FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
2    PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
     CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
     EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
4    corporation and Against Defendant MARIE SAINT CLAIR, a.k.a. SEA MODERN THAI
     and THE METRO HOTEL, inclusive)
5    (California Civil Code §§51, 51.5, *et seq.*)

6       1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and

7  for each occasion on which plaintiffs were deterred from returning to the subject public

8  accommodation;

9       2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

10 prevailing party;

11      3.     General damages according to proof;

12      4.     Treble damages pursuant to Civil Code §52(a);

13      5.     For all costs of suit;

14      6.     Prejudgment interest pursuant to Civil Code §3291; and

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      7.      Such other and further relief as the court may deem just and proper.

2

3

Dated: _3/27/09_ , 2009    THOMAS E. FRANKOVICH,
4                                *A PROFESSIONAL LAW CORPORATION*

5

6                     By:

7                             THOMAS E. FRANKOVICH
                           Attorneys for Plaintiffs CRAIG YATES and DISABILITY
8                             RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
                           HELPING YOU HELP OTHERS, a California public
9                             benefit corporation

10

11

12

13                          **DEMAND FOR JURY TRIAL**

14      Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

15  Dated: _3/27/09_ , 2009    THOMAS E. FRANKOVICH,
16                                  *A PROFESSIONAL LAW CORPORATION*

17

18                     By:

19                             THOMAS E. FRANKOVICH
                           Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                           RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
20                             HELPING YOU HELP OTHERS, a California public
                           benefit corporation
21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                           38