UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, et al.,

        Plaintiffs,                       No. C 09-1378 PJH

   v.                                   **ORDER DENYING STIPULATION**

MARIE SAINT CLAIR,

        Defendant.

_____/

       Plaintiffs in the above-captioned case have filed a "stipulation for the entry of judgment," seeking to have the court enter judgment based on a stipulation that was signed by the parties on April 19, 2011. Plaintiffs have also submitted a letter explaining their delay in seeking a judgment. According to plaintiffs, a settlement was reached on April 19, 2011, the terms of which provided for defendant to make her first payment on September 1, 2011. After not receiving any payment, plaintiffs contacted defendant on October 12, 2011. Defendant responded on October 27, 2011, requesting more time to make the payment. As of January 9, 2012, plaintiffs still had not received any payment, so they again contacted defendant, who again requested more time. According to plaintiffs, no payments have ever been made. Thus, plaintiffs now submit a stipulated judgment for the court's approval.

       However, even though this stipulated judgment was signed by the parties on April 19, 2011, it had never been submitted to the court prior to June 11, 2013. In fact, the only previous indication that the parties had settled was provided via a two-page "notice of settlement," filed on June 29, 2011, stating simply that "the parties in the above-captioned matter have agreed to settlement terms" and that "[d]ismissal documents will be filed with the court no later than sixty (60) days from the filing of this notice." See Dkt. 16. No such

dismissal documents were ever filed, so the court instead entered its own conditional dismissal order on November 7, 2011. See Dkt. 17. The court ordered the case dismissed without prejudice, and gave the parties 90 days to vacate the dismissal by certifying that the agreed consideration had not been delivered over. Id. Importantly, even though plaintiffs were aware of defendant's failure to make payments before the expiration of those 90 days (which occurred on February 5, 2012), plaintiffs did not certify to the court that the payments had not been made. As a result, after February 5, 2012, the dismissal of this case was with prejudice.

By filing this April 2011 stipulation now, plaintiffs are essentially seeking to enforce the settlement agreement that was entered into between the parties. However, "federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit." O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995) (citing Kokkonen v. Guardian Life Insurance, 511 U.S. 375 (1994)). "When the initial action is dismissed, federal jurisdiction terminates," and a "motion to enforce the settlement agreement" is "a separate contract dispute requiring its own independent basis for jurisdiction." Id. The only exception would be if the settlement terms are incorporated into the dismissal order, in which case "a violation of those terms would amount to a violation of the court's order," giving the court "ancillary jurisdiction to 'vindicate its authority.'" O'Connor at 532. In this case, the terms of the parties' settlement was not incorporated into the dismissal order. In fact, the court was not aware of the settlement terms until plaintiffs filed their stipulation on June 11, 2013. Thus, any attempt to enforce the settlement agreement is a separate contract dispute, over which this court does not appear to have jurisdiction. Accordingly, the "stipulation for the entry of judgment" is DENIED.

**IT IS SO ORDERED**.

Dated: July 2, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge